## In re Petition for Reinstatement to the Practice of Law of James B. McCREARY.

### No. C4–84–1256.

Supreme Court of Minnesota.

Feb. 20, 1995.

### ORDER

WHEREAS, petitioner James B. McCreary was, pursuant to stipulation, indefinitely suspended from the practice of law on October 9, 1985, with the right to apply for reinstatement in 5 years, for conduct including misappropriation, failure to file tax returns and failure to keep proper accounts for an estate and conservatorship; and

WHEREAS, petitioner did file a petition for reinstatement in March 1994; the Director of the Office of Lawyers Professional Responsibility investigated the matter and found no basis for opposing petitioner's reinstatement; the matter was considered at a public hearing by a panel of the Lawyers Professional Responsibility Board, which found petitioner had met all special preconditions to reinstatement and demonstrated by clear and convincing evidence that he presently has the character and fitness to practice law and recommends that he be reinstated, subject to probationary requirements; and

WHEREAS, this court has independently reviewed the record and agrees with the recommendation of the panel,

IT IS HEREBY ORDERED that petitioner James B. McCreary is reinstated to the practice of law subject to the following conditions:

1. He shall be placed on 2 years' supervised probation and not engage in solo practice until further order of this court;

2. If petitioner engages in private practice, he shall be supervised by a licensed Minnesota attorney approved by the Director. Petitioner shall provide the Director and his supervisor with written detailed business plan and office procedures regarding all active files describing the type of representation, the most recent activity on the file, the next anticipated action and other relevant information requested by the supervisor to monitor petitioner's practice. During the first year of probation, the supervisor shall report at least monthly to the Director's Office. Upon recommendation of the supervisor and the consent of the Director, the supervisor shall report quarterly during the second year of the probation.

3. If petitioner is employed by a corporation or governmental entity, petitioner shall submit to the Director's Office the employer's supervision plan. Petitioner shall authorize the Director to communicate with his work supervisor and the Director may, at her discretion, appoint an independent supervisor to review petitioner's work on at least a quarterly basis.

4. Petitioner shall abide by the Rules of Professional Conduct and cooperate with the probation supervisor and with the Director's Office in the investigation of any complaints of misconduct made against him. Petitioner shall provide any authorizations needed to verify compliance with conditions of probation.

BY THE COURT:

/s/ M. Jeanne Coyne

M. Jeanne Coyne

Associate Justice